IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROLLIE BRUVOLD,

      Petitioner,

v.                                        No. CIV-09-482 MV/ACT

TROY JONES, Executive Director
New Mexico Behavioral Health Institute
and GARY K. KING, Attorney General
for the State of New Mexico,

      Respondents.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Rollie Bruvold's ("Petitioner")

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody

filed May 7, 2009. [Doc. No. 1].  Troy Jones, Executive Director of the New Mexico Behavioral

Health Institute, and Gary K. King, Attorney General for the State of New Mexico ("Respondents"),

filed an Answer with accompanying Exhibits on July 22, 2009, requesting that the Application be

dismissed with prejudice as time barred under the applicable statute of limitations. [Doc. No. 10].

This matter further comes before the Court on Petitioner's Motions for Appointment of Counsel

filed August 19, 2009, September 28, 2009, and October 28, 2009 [Doc. Nos. 16, 20, and 21],

Respondents' Objection filed August 20, 2009 [Doc. No. 17], and Petitioner's Response filed

August 31, 2009 [Doc. No. 18]; and on Petitioner's Motions for Request for Hearing filed July 27,

2009 and September 28, 2009 [Doc. Nos. 11 and 19], Respondents' Objection filed August 10, 2009

[Doc. No. 13], and Petitioner's Answer filed August 17, 2009 [Doc. No. 15].  Having reviewed

Petitioner's Application, Respondent's Answer and accompanying Exhibits, and the applicable law,

this Court recommends that Petitioner's Application for a Writ of Habeas Corpus be taken under advisement pending the outcome of the statute of limitations issue.  Having reviewed Petitioner's Motions for Appointment of Counsel, Respondent's Objection, Petitioner's Response, and the applicable law, this Court recommends that Petitioner's Motions for Appointment of Counsel be granted.  Having reviewed Petitioner's Motions for a Hearing, Respondents' Objection, Petitioner's Answer, the applicable law, and because this Court recommends that briefing be submitted regarding the statute of limitations issue, this Court recommends that Petitioner's Motions for a Hearing be denied at this time.

<u>PROPOSED FINDINGS</u>

<u>Factual and Procedural Background Findings</u>

1.  Petitioner is in the lawful custody of Respondent Troy Jones, Executive Director of the New Mexico Behavioral Health Institute, pursuant to a valid Order Committing Petitioner to the Department of Health in a Secure, Locked Facility Pursuant to §31-9-15, NMSA 1978 entered February 28, 2006, in the Second Judicial District, Bernalillo County, New Mexico, Cause No. CR-02-02361. [Doc. No. 10, Exh. A].

2.  Petitioner was charged with nine counts of criminal sexual penetration of a minor in the first degree and twelve counts of criminal sexual contact of a minor in the third degree. [Doc. No. 10, Exh. B].

3.  Following a §31-19-5.1, NMSA 1978 merits/evidentiary hearing, Petitioner was found not competent to stand trial and dangerous pursuant to §31-9-1.2(D), NMSA 1978. The state district court heard the merits of the case against Petitioner and found Counts 1 through 5 of the indictment had been established by clear and convincing evidence.  The State dismissed Counts 6 through 21

without prejudice prior to the hearing.  Petitioner was sentenced to a term of 45 years. Petitioner's state court order of commitment was entered on February 28, 2006. [Doc. No. 10, Exh. A].

4.  Petitioner did not file a direct appeal following the entry of the order of commitment.

5.  Petitioner had until March 30, 2007, to file a federal habeas corpus petition, subject to tolling for any time during which an application for state post-conviction relief or other collateral review was pending as discussed *infra*.  28 U.S.C. §2254; 28 U.S.C. §2244(d)(2).

6.  Petitioner filed a state habeas corpus petition on June 1, 2006. [Doc. No. 10, Exh. E].

7.  The state district court denied the state habeas corpus petition on June 14, 2006. [Doc. No. 10, Exh.F].  The state district judge noted that the Petitioner continued to be incompetent to stand trial and further noted that Petitioner's case is reviewed regularly and if Petitioner is found to be competent, he will stand trial.  *Id.*  According to the record before this Court, to date, Petitioner has not been found competent  to stand trial.

8.  Petitioner had 30 days from June 14, 2006, to file a petition for writ of certiorari in the New Mexico Supreme Court.  Rule 5-802 NMRA and Rule 12-501 NMRA.

9.  Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court on April 3, 2008. [Doc. No. 10, Exh. H]. The petition was denied on April 21, 2008.  Petitioner's motions to reconsider were denied on May 14, 2008. [Doc. No. 10, Exh. I, J, K].

10.  On August 12, 2008, Petitioner filed a petition for writ of certiorari to the United States Supreme Court. The Petition was denied on November 10, 2008, and Petitioner's motion to reconsider was denied on January 12, 2009. [Doc. No. 10, Exh. L, M, N].

11.  Petitioner filed his federal Application for a Writ of Habeas Corpus on May 7, 2009. [Doc. No. 1].

12.   As grounds for federal habeas review, Petitioner alleges that he was not allowed to file a direct appeal after sentencing; that there existed "political vendetta, false charges and mere assertion" regarding his application for state habeas relief; and that there were violations of his constitutional, legal, and human rights regarding his petition filed in the New Mexico Supreme Court. [Doc. No. 1, pp. 4-5]. Petitioner outlines sixteen specific complaints in his Petition. [Doc. No. 1, p. 8]

13.   Respondents contend, *inter alia,* that Petitioner's claims are barred by the one-year limitation period in 28 U.S.C. §2244(d) and that Petitioner has offered no facts or other grounds to justify equitable tolling.  Petitioner claims that his Petition is not time barred and that the delays in filing appeals are part of his claims and that the delays were not his fault.  Respondents further argue that neither appointment of counsel for Petitioner nor a hearing is warranted.

Applicable Law

14.   The provisions of 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case. *See, e.g., Ernst J. v. Stone,* 372 F.Supp.2d 330 (E.D.N.Y. 2005).

15.   AEDPA provides a one-year statute of limitations for federal habeas petitions filed under 28 U.S.C. §2254.  *See* 28 U.S.C. §2244(d)(1).  The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

16.  The one-year period for AEDPA is calculated using the "anniversary method." *See, e.g.,United States v. Hurst,* 322 F.3d 1256, 1261-62 (10th Cir. 2003).

17.  "The time during which a properly filed application for State post-conviction or other collateral review...is pending shall not be counted toward" the one-year statute of limitations.  *See* 28 U.S.C. §2244(d)(2).  The filing of a State habeas petition or other collateral review tolls the limitations period; it does not restart the one-year clock. *See* 28 U.S.C. §2244(d).

18.  State post-conviction relief filed after AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2).  *See, e.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007).

19.  The one-year statute of limitations under AEDPA may be equitably tolled if a petitioner makes a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented him from timely filing his habeas petition.  *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007)). Equitable tolling is appropriate "only in rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted). A court will apply equitable tolling if a petitioner is able to show "specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta,* 525 F.3d at 928 (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)). Courts have granted equitable tolling (or have indicated that equitable tolling would be available) if some or all of the delay can be attributed to, *inter alia,* judicial actions or omissions; government interference; actions

5

or omissions of the petitioner's counsel; the petitioner's mental incompetence; or a petitioner's lack of notice of the filing deadline. 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* §5.2b (5th ed. 2005) (citations omitted).

Analysis

20.   In this case the Order Committing Petitioner was entered on February 28, 2006. Petitioner did not seek direct review of the Order, and the period in which he could have sought such review ended on March 30, 2006, thirty days after the entry of the Order by the state court. Accordingly, the limitations period first began to run on March 30, 2006, the last day Petitioner could have sought direct review of his sentence but did not. *See* §2244(d)(1)(A).[1]

21.   The limitations period ran unabated from March 30, 2006, to June 1, 2006, the date which Petitioner filed his state application for habeas relief.

22.   The limitations period was tolled during the pendency of Petitioner's state habeas from June 1, 2006, to June 14, 2006, for a period of 14 days.  The statute of limitations resumed running on June 15, 2006.  Accordingly, taking into account the 14-day tolling for the state habeas, the federal limitations period ended on April 14, 2007.

23. Petitioner did not file any post-conviction relief or other collateral review that would further toll the limitations period nor did he file his federal habeas prior to April 14, 2007.  In fact, the next filing that Petitioner made was not until April 3, 2008, almost one year after the statute of limitations had run, when he filed his petition for certiorari in the New Mexico Supreme Court.  As discussed *supra,* state post-conviction relief or other collateral review filed after the AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2).

---

[1]This Court finds that no facts have been presented to support a claim that §2244(d)(1)(B), (C), or (D) apply to this case.

24. Petitioner did not file his federal habeas until May 7, 2009, more than two years past the April 14, 2007, deadline for filing the Petition. Accordingly, if equitable tolling does not apply, Petitioner's Application for Habeas Corpus is time barred and should be dismissed.

25.  The record before the Court is inadequate for this Court to determine whether equitable tolling should apply to this case.

26.   Because Petitioner continues to be found incompetent to stand trial, because the pleadings before this Court indicate that Petitioner may lack some ability to adequately present his claims, *see Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995), and because of the seriousness of dismissing Petitioner's case without considering the merits, Petitioner should be given an opportunity to address the issue of equitable tolling through briefing, if applicable, and should have an attorney to assist him.

27.  Because this Court recommends that an attorney be appointed for the Petitioner and that briefs be submitted on the issue of equitable tolling, if applicable, an evidentiary hearing requested by Petitioner is unnecessary at this time.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Motions for Appointment of Counsel be granted; that after appointment of counsel, Petitioner be given sixty (60) days to submit a brief regarding equitable tolling, if applicable, after which a response and reply may be submitted; that Petitioner's Motions for a Hearing be denied at this time; and that Petitioner's Application for a Writ of Habeas Corpus be taken under advisement pending the outcome of the statute of limitations issue.

**NOTIFICATION**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the ten (10) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**