IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ROLLIE BRUVOLD,

       Petitioner,

vs.                                               No. CIV-09-482 MV/ACT

TROY JONES, Executive Director
New Mexico behavioral Health Institute
and GARY K. KING, Attorney General
for the State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION [1]

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Rollie Bruvold "Petitioner" on May 7, 2009. [Doc. 1.] Troy Jones, Executive Director of the New Mexico Behavioral Health Institute, and Gary K. King, Attorney General for the State of New Mexico ("Respondent"), filed an Answer with accompanying Exhibits on July 22, 2009, requesting *inter alia* that the Application be dismissed with prejudice as procedurally defaulted as well as time barred under the applicable statute of limitations. [Doc. 10.]

2. On November 18, 2009, the undersigned United States Magistrate Judge issued

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Proposed Findings and Recommended Disposition [Doc. 23], in which the Court found that Petitioner filed his federal habeas petition after the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and concluded that, unless equitable tolling applies, Petitioner's Application is time barred and should be dismissed.  The Court also recommended that because the Petitioner continues to be found incompetent to stand trial, that Petitioner's Motions for Appointment of Counsel be granted. [*Id.*]

      3.  On March 19, 2010 Chief Judge Martha Vazquez ordered that Petitioner's Motions for Appointment of Counsel be granted so "that the statute of limitations issue can be properly resolved after full briefing." [Doc. 31 at 2-3.]   Chief Judge Vazquez stated that '[w]hile there appear to be some periods for which the statute of limitations was properly tolled pursuant to 28 U.S.C. § 2244(d)(2)–these periods are insufficient to render Petitioner's application timely. . . assuming  § 2244(d)(1)(A) applies . . . and there is no equitable tolling." [*Id.* at 3-4]

      4.  Chief Judge Vazquez referred the case to this Court to conduct hearings, if warranted, and to perform any legal analysis required to recommend whether 28 U.S.C. § 2244(d)(1)(B) is applicable in this case, whether equitable tolling applies and to recommend an ultimate disposition of the case.

      5.  On May 25, 2010, Petitioner, through his attorney, filed a Response Brief to Motion to Dismiss. [Doc. 36.] The Respondents did not file a Reply.

<u>Factual and Procedural Background</u>.

      6.  On February 28, 2006, following a hearing before the state court on January 27, 2006, a valid Order Committing Petitioner to the Department of Health in a Secure, Locked Facility Pursuant to § 31-9-15 NMSA 1978 (the "Order") was entered in the Second Judicial District, Bernalillo County, New Mexico, Cause No. CR-02-02361. [Doc.10-1, Ex. A.]  Petitioner was

committed to the lawful custody of Respondent Troy Jones, Executive Director of the New Mexico Behavioral Health Institute. [*Id.*]

7.  The Order specifically found that Petitioner was "NOT COMPETENT" to stand trial as provided by § 31-9-1.5 NMSA 1978, and that Petitioner "REMAINS DANGEROUS" as outlined in § 31-9-1.2(D). [Doc. 10-1, Ex. A., emphasis in original.]   The Order further found that, based on evidence presented at an evidentiary hearing on January 27, 2006, "the merits of the case as to Counts 1-5 of the indictment filed July 26, 2002, **have been established** by clear and convincing evidence." [*Id.*, emphasis in original.]

8.  The Department of Health of the State of New Mexico was ordered by the state court to take the Petitioner into custody for a period of up to 45 years, "the maximum sentence to which [the Petitioner] would have been subject had [the Petitioner] been convicted in a criminal proceeding." [*Id.*] The Order also mandated that "[s]ignificant changes in the defendant's condition, including but not limited to trial competency and dangerousness, shall be reported in writing to the district court, state and defense." [*Id.*]

9.  N.M.S.A. 1978 § 31-9-1.5(D)(4) provides that when a district court finds by "clear and convincing" evidence that the defendant committed the alleged felony, as the state district judge did in this case, the court shall conduct a hearing at least every two years and enter findings on the issues of the defendant's trial competency and dangerousness.  If the court finds that the defendant is competent to proceed in a criminal trial, the court shall continue with the criminal proceeding; if the court finds that the defendant continues to be incompetent and dangerous, the court shall review the status of the defendant every two years and the defendant will remain in the custody of the Department of Health; if the defendant is found to be no longer dangerous, he shall be released. [*Id.*]

10.  Under N.M.R.A. 2007, Rules 12-201(A)(2) and 12-202(A), Petitioner could have filed a notice of appeal to appeal the commitment order but he did not.  [*See* Doc. 10-Ex. A.] No direct appeal was filed on Petitioner's behalf, although Petitioner states that he repeatedly requested that his commitment order be appealed but was always told he was not allowed to appeal. [*See, e.g.,* Doc. 1 at 2 of 44, 4 of 44, 8 of 44, 43 of 44.]

11.  In order to perfect an appeal, a defendant's trial counsel is responsible, unless otherwise ordered by the state court, "for preparing and filing a docketing statement in the Court of Appeals or a statement of the issues in the Supreme Court."  N.M.R.A. 2007, Rule 12-208 (A).  Petitioner's trial counsel did not appeal Petitioner's commitment.

12.  On July 14, 2006 [Doc. 10-1 at Ex. F],  the state district judge denied Petitioner's writ of habeas corpus filed April 25, 2006 stating

> [t]he Petitioner is currently <u>incompetent</u> to stand trial.  His case is reviewed regularly and, if treated to competency, he will be brought back to stand trial under Constitution of the United States and the State of New Mexico–all of his rights and defenses will be presented and protected."

[*Id.* at p. 2, emphasis added.]

13.   There is no evidence in the record before the Court that Petitioner has ever received any hearing to review his competency or dangerousness since he was incarcerated or that the status of his adjudication of competency and dangerousness is in any way changed.

14.   The Petitioner has been adjudicated incompetent the entire time since the state order of commitment was entered on February 28, 2006. [Doc. 10-1, Ex. A.]

Procedural Default.

15.  Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a

habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

16. Claims raised in a federal habeas petition that were never addressed by the New Mexico Supreme Court are procedurally defaulted for purposes of federal habeas review. *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000)( "if a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief")(internal quotation omitted); *Jackson v. Shanks,* 143 F.3d 1313, 1317 (10th Cir. 1998)("where a state has raised and preserved the issue of procedural default, federal courts generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground").

17. However, a federal court can review issues defaulted in state court if "the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks,* 143 F.3d at 1317. "[I]t is certainly true that we have held a procedural default may be excused if a petitioner can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

18. To show "cause" for a procedural default, a petitioner must ordinarily demonstrate

5

that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152 (1982).

19.  Petitioner has procedurally defaulted on the requirement of exhausting his remedies in state court. An order or commitment under N.M.S.A. 1978, § 31-9-1.5 (D) is an appealable order. *State v. Adonis*, 2008- NMSC- 059, ¶ 1, 145 N.M. 102; *State v. Gallegos*, 111 N.M. 110, 112, 802 P.2d 15, 17 (Ct.App.), *cert. denied,* 111 N.M. 77 (1990).

20.  Petitioner asserts that he was not allowed to appeal from the judgment of commitment, that he was locked down for six weeks after sentencing, and that he was not offered permission to file a late appeal. Doc. 1 at p. 2. His trial attorney was responsible for perfecting his appeal by preparing and filing a docketing statement. N.M.R.A. 2007, Rule 12-208 (A) states that "[u]nless otherwise ordered by the Court, trial counsel shall be responsible for preparing and filing a docketing statement in the Court of Appeals or a statement of the issues in the Supreme Court." Under New Mexico law, this omission by trial counsel is a basis for post-conviction relief. *State v. Gorton*, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969). The New Mexico Supreme Court has held that the New Mexico Mental Illness and Competency Code (NMMIC) does not deprive defendants of equal protection of the law. *State v. Rotherham*, 1996- NMSC - 048, 122 N.M. 246.

21.  This Court will recommend that Petitioner's procedural default be excused for cause based his attorney's failure to follow state law by not perfecting Petitioner's appeal. The failure

to perfect his appeal, a requirement of New Mexico state law placed on the defendant's trial counsel, is an extraordinary circumstance beyond Petitioner's control. In addition, Petitioner's procedural default can be excused based on the undisputed fact that Petitioner was and remains adjudicated incompetent. (*See* discussion below.)

<u>Equitable Tolling the period of limitation 28 U.S.C. §2244(d)(1)</u>.

22.   Petitioner's federal habeas corpus petition is barred by the one year statute of limitation under 28 U.S.C. §2244(d)(1) unless the statute can be equitably tolled. [*See* Doc. 23 and Doc. 31.]

23.   The AEDPA's "statutory limitations period may be tolled for equitable reasons." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010).

24.   "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008)(*quoting Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001).

25.   The Tenth Circuit has stated in several unpublished opinions that equitable tolling because of mental illness is only warranted in circumstances such as "adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing [her] own claim' because of mental incapacity." *Hendricks v. Howard*, 284 Fed.Appx. 590, 591 (10th Cir.2008) (*quoting Reupert v. Workman*, 45 Fed.Appx. 852, 854 (10th Cir.2002)).   *See also Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) from the Ninth Circuit.

26.   The Petitioner in the present case did not plead guilty nor did he have a jury trial.

Pursuant to state law, the state court found that he was "not competent" to stand trial and that he was "dangerous." The state court, upon finding that the Petitioner was both not competent and dangerous as outlined in the statutes and "hearing evidence upon the case the Court [found] that the merits of the case as to Counts 1-5 of the indictment . . . **have been estalished** by clear and convincing evidence." (Emphasis in original.) [Doc.10-1 at Ex. A.] Petitioner has remained incompetent and institutionalized at all material times.

27. In addition, despite being institutionalized and adjudged incompetent at all material times, Petitioner attempted to challenge the state court order committing him to the Department of Health. He filed a state petition for habeas corpus on June 1, 2006, wherein he claimed "I was told that I have no chance for appeal and that I will never go to court again." [Doc. 10-1 at 34.] The state court denied his state petition for habeas corpus and stated that "[t]he Petitioner is currently incompetent to stand trial." [Doc. 10-1 at 50.][2] He also filed petitions with the New Mexico Supreme Court and the Supreme Court of the United States. [*See* Doc. 10 at p. 5 and the referenced exhibits.]

28. "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th

---

[2] The state court also said that Petitioner's "case is reviewed regularly and, if treated to competency, he will be brought back to stand trial under the Constitutions of the United States and the State of New Mexico–all of his rights and defenses will be presented and protected." [Doc. 10-1 at 50.]

Cir. 2003) *quoting Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998.)

29. Based on the fact that Petitioner was found to be incompetent, has never had a hearing to determine if he has regained his competency and therefore based on the record before the Court has remained incompetent, the Court will recommend that Petitioner has presented circumstances which countenance equitable tolling of the limitation period and therefore Petitioner's claim is not time-barred.

RECOMMENDED DISPOSITION

31. For the foregoing reasons this Court recommends that the Court find that Petitioner's Application For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody filed May 7, 2009 [Doc.1] is procedurally defaulted but the default is excused, and also that his claims are equitably tolled. The Court further recommends that Petitioner be permitted to file an amended petition with the aid of counsel to address the merits of his claims and further that Respondents be permitted to file an Amended Answer.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE